KÖRBER & Co., Inc., Plaintiff and Appellee, *v.* PRUDENCIO MUÑOZ and JACINTO MUÑOZ, Defendants and Appellants.

No. 3903. Argued June 16, 1926.—Decided December 16, 1926.

*A. L. López* and *Julio Reguero* for the appellants. *Henry G. Molina* and *Leopoldo Feliú* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This action was brought by Körber & Co., Inc., in the District Court of San Juan against Prudencio Muñoz and Jacinto Muñoz to recover a certain sum of money, it being alleged that the defendants signed and delivered to the plaintiff a promissory note by which they bound themselves to pay severally on the 30th of May, 1922, the sum of $1,131.90 with interest thereon at one per cent monthly from its maturity. It was alleged also that by the terms of the note the defendants submitted to the jurisdiction of the District Court of San Juan, and that on the 5th of June, 1922, the defendants paid $200 on account and therefore the sum due to the plaintiff amounted to $1,233.30, of which $931.90 was for the unpaid balance of the promissory note and $301.40 for the interest thereon up to the date of the complaint. The plaintiff had not been paid either that sum or any part

thereof and therefore prayed for a judgment in its favor for $931.90 and interest thereon at one per cent monthly from the 30th of May, 1922, which, computed up to the date of the complaint, amounted to $301.40, making a total up to that date of $1,233.30, with costs.

The defendants demurred to the complaint and moved for a change of venue to the District Court of Humacao on the ground that they resided in Caguas and the action was a personal one. The court below denied the change of venue, whereupon they answered the complaint, and after a trial of the case without appearance by the defendants the court rendered judgment against the defendants that they pay jointly and severally to the plaintiff the sum of $931.90 as principal, with interest thereon at one per cent monthly from the 30th of May, 1922, until full payment thereof, as well as the costs, expenses, disbursements and counsel's fees.

The first ground of the appeal from that judgment is the refusal of the court below to grant the change of venue to the district where defendants reside, and it is alleged that although that refusal was not appealed from, we can decide that point in this appeal from the judgment, citing as applicable the case of *Trautman* v. *Trautman & Acha,* 31 P.R.R. 255.

Section 305 of the Code of Civil Procedure provides that on appeal from a judgment the appellate court may review the judgment and any interlocutory order or decision, if excepted to, which involves the merits or necessarily affects the judgment, except a ruling or order from which an appeal might have been taken; and as subdivision 3 of section 295 of that code allows an appeal from an order granting or refusing a change of venue, we can not consider in this appeal from the judgment whether or not there was error in refusing a change of venue, and it was so held in the case of *Santiago* v. *Cabán,* 23 P.R.R. 472. The case of *Trautman, supra,* is not applicable to the case at bar, because that case dealt with

an order overruling a motion to dissolve an attachment, which was held to be reviewable on appeal from a final judgment, in compliance with the Act to secure the effectiveness of judgments, although subdivision 3 of section 295 of the Code of Civil Procedure allows an appeal from an order dissolving or refusing to dissolve an attachment, as we do not consider these remedies to be incompatible, but selective.

The second ground is that the court below went beyond the prayer of the complaint in ordering the payment of interest until the obligation was paid and thus allowed interest beyond the amount prayed for. There was no such error, because in its complaint the plaintiff prayed that defendant be adjudged to pay $931.90 with interest thereon at one per cent monthly from the 30th of May, 1922, and the allegation that on the date of the complaint the interest amounted to $301.40 is not a limitation of its right to receive the same until the obligation is fully paid. The case of *Succrs. of Oliva & Co.* v. *Matienzo & Co.*, 13 P.R.R. 285, is not applicable, because therein it is not a question of interest, but of future damages that may or may not be caused after judgment.

Although judgment against defendants was brought about by default in the payment of their obligation, they allege as an error in their third ground for the appeal that costs were adjudged against them. The only argument in support of such alleged error is that it is not proper to burden with costs a party who is unable to pay its debts, and therefore we will not consider it further.

As the fourth and last ground it is alleged that the complaint is insufficient because it does not set forth the origin of the obligation sought to be enforced.

In support of this ground it is alleged that in the syllabus in the case of *Succrs. of Martínez* v. *Dávila & Co.*, 18 P.R.R. 79, we held that a complaint for the recovery of certain mercantile credits brought by the assignee thereof without plead-

ing the origin and nature of said credits is insufficient and will not support a judgment on the pleadings against the defendant because the answer is insufficient. But that case is not applicable to the present case, because the plaintiff is not suing as an assignee of another person, but as a direct creditor of the defendants.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.